UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER:  6:23-cr-00205-005 |
| VERSUS | |
| | DISTRICT JUDGE SUMMERHAYES |
| DREKEYLONE PETERS | MAGISTRATE JUDGE WHITEHURST |

**DEFENDANT'S OBJECTION TO THE MEMORANDUM ORDER (Rec. Doc. 112) AND MOVES THE COURT TO CLARIFY ITS RULING ON THE GOVERNMENT'S OBLIGATIONS UNDER RULES 12 AND 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND IN THE FURTHER ALTERNATIVE, FOR THE DISTRICT JUDGE TO RULE ON THIS ISSUE**

**I. Memorandum Order**

Shortly after his arraignment, Defendant Drekeylone Peters filed a Rule 12(b)(4)(B) Request for Notice of the Government's Intent to Use (In Its Evidence-in-Chief at Trial) Any Evidence that the Defendant May Be Entitled to Discover Under Rule 16 of the Federal Rules of Criminal Procedure. *(Rec. Doc. 91)*

The government responded as follows:

> The purpose of Rule 12's notice provision is to allow defense counsel an opportunity to clarify which evidence provided in discovery the government actually intends to use at trial, thereby avoiding wasted resources on behalf of defense counsel by drafting a motion to suppress for evidence that, although admissible and discoverable, the government does not intend to use." (Rec. Doc. *107, Page 2, Numbered Page 3).*

Respectfully, that statement is not only a bit confusing but is incorrect. The defense cannot clarify which evidence provided in discovery the government intends to use at trial. Only the government can do that. And the case cited in the government's response, *United States v.*

1

*Lujan, 530 F. Supp. 2d 1224, 1246 (D.N. Mex. 2008)*, explains quite well how that is to be done. *Lujan* represents a moderate approach to this problem.

## II. Rules 12 and 16 Complement Each Other

In *Lujan*, the Court ruled on the defendant's 12(b)(4)(B) motion and ordered the United States to notify the defendants of all evidence that it knew it did not intend to introduce at trial. This fulfills Rule 12's purpose, to make it possible for the defense to avoid the necessity of moving to suppress evidence that the government does not intend to introduce in its case in chief at trial. *See also Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment.*

The Advisory Committee notes that, "[a]lthough the defendant is already entitled to discovery of such evidence prior to trial under rule 16, rule 12 makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use." *Fed. R. Crim. P. 12, 1974 Advisory Comm. note.*

Other courts have taken a much more expansive approach and have required the Government to specify the items that the government intends to introduce at trial. *See Anderson, 416 F.Supp.2d at 112; United States v. Cheatham, 500 F.Supp.2d 528, 535-36 (W.D. Pa. 2007) (concluding that the United States' "open file policy . . . does not comply with Rule 12(b)(4)(B) because it does not specify which evidence the government intends to use at trial) (internal citations and quotation marks omitted).*

This defendant will not ask for the more expansive order, but will ask that, depending on the number of discovery items the government eventually produces in response to defendant's Rule 16 motion, the Court at least keep open the possibility of ordering the government to notify the defendant of the evidence in its open file discovery that it knows it does not intend to introduce in its case in chief at trial.

**III. The Moderate Approach**

This moderate and proper application of Rules 12 and 16 will streamline the suppression process and will help guarantee a fair trial with competent counsel. This will allow the defendant to avoid moving to suppress evidence the Government does not intend to introduce at trial. This interpretation is consistent with the Advisory Committee notes to Rule 12:

> Although the defendant is already entitled to discovery of such evidence prior to trial under rule 16, rule 12 makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use. No sanction is provided for the government's failure to comply with the court's order because the committee believes that attorneys for the government will in fact comply and that judges have ways of insuring compliance. Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment.

More recently, in *United States v. Warnagiris, Criminal 21-00382 ) (PLF) (D.D.C. Sept. 21, 2023)*, the district court took a much more expansive view of its authority. In *Warnagriri*, the government argued that it provided Mr. Wamagiris with "case specific discovery soon after he was indicted," and represented that it will "begin an early and rolling production of the exhibits themselves," in advance of the court's deadline. The Court recognized both the government's commitment to fulfilling its obligations under Rule 16 of the Federal Rules of Criminal Procedure, and the burden on defense counsel posed by the extensive "open file" discovery. The Court cited United States v. Anderson, 416 F.Supp.2d at 114. *("Given the enormous volume of material produced in this case and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the materials at issue here - in effect, to duplicate the work of document review presumably already done by the government - would materially impede defendant's counsel's ability to prepare an adequate defense.").* Recognizing these competing interests, the Court had previously ordered the parties to exchange exhibit lists by a certain date, but the defendant also requested that the district court order the government to identify the

evidence the government intends to use in its case-in-chief. The Court's did so, with the following language:

> In light of the "enormous volume of material produced," as well as the fact that Mr. Wamagiris is charged with multiple serious felony offenses, the Court concludes that his request is reasonable. See United States v. Anderson, 416 F.Supp.2d at 114. Accordingly, pursuant to Rule 12(b)(4)(B) and Rule 16(a)(1)(E)(ii) of the Federal Rules of Criminal Procedure, the government is directed to provide Mr. Wamagiris, on or before September 29, 2023, with a notice identifying the specific items of evidence that the government intends to use during its case-in-chief. It is hereby ORDERED that Mr. Wamagiris's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use [Dkt. No. 61] is GRANTED IN PART; and it is FURTHER ORDERED the government shall provide Mr. Wamagiris, on or before September 29, 2023, with a notice identifying with specificity the items of evidence that the government intends to use during its case-in-chief; and it is FURTHER ORDERED that the government shall notify Mr. Wamagiris and the Court before seeking to introduce any evidence not included in its notice.United States v. Warnagiris, CRIMINAL 21-00382 (PLF) (D. D.C. Sep 21, 2023)

As a practical matter, in cases such as this, involving multiple conspiracies, multiple defendants, and multiple charges, the defendant will not know at arraignment what specific evidence the government intends to introduce in its case in chief at trial. For that reason, at or shortly after arraignment, under Rule12(b)(3)(C), the defendant can request that the government be more specific.

Rule 16 of the Federal Rules of Criminal Procedure already entitles a defendant to request discovery of certain evidence prior to trial. This defendant filed a request under Rule 16, but the government has not yet responded although in its response to the defendant's Rule 12 request, the government informed the court that it will "provide all discoverable evidence" and "intends to use all otherwise admissible evidence." *(DOC 107, Page 3, Numbered Paragraph 5).* This is hardly an adequate response.

When the government responds under Rule 16, Rule 12 requires the government to be more precise. The approach cited by both the defense and the government, that of *Lujan*, *id.* is a moderate approach that merely asks that the government specify what evidence, in its normally quite voluminous "open file discovery," it will not introduce at trial. This makes it possible for a defendant to avoid the necessity of moving to suppress evidence the government knows it will not introduce at the trial.

That is why Rule 12 requires more than what Rule 16 or "open file discovery," requires. This is especially true when, as here, the government has made no written response to each of the Rules 16 requests, and has informed the court that it will, at some future time, merely provide "open file discovery." In open file discovery, the government simply gives the defendant a copy of "discovery." This can consist of hundreds, thousands, or tens of thousands of items. The defendant is then left to guess which of those hundreds, thousands, or tens of thousands of items the government intends to introduce in its case in chief at the trial.

Without identifying the items the government will not attempt to introduce, the defendant will be left to assume the government will try to introduce them all, and then have to file a motion to suppress all items that could conceivably be suppressible. That is why the *Lujan* case, cited by both the government and the defendant, only ordered the government to identify in its "open file discovery," those items it will not seek to introduce in its case in chief. That moderate approach will avoid needless waste of judicial time, will be a minimal burden on the government, and will help ensure that the defendant gets a fair trial with competent counsel.

**IV. Conclusion**

For those reasons, the defendant respectfully objects to the memorandum order (Rec. Doc.112) and moves the Court to clarify its ruling on the government's obligations under Rules

12 and 16 of the Federal Rules of Criminal Procedure, and in the further alternative for the District Judge to rule on this issue.

**BOUSTANY LAW FIRM**
**(A Professional Law Corporation)**

By: s/Alfred F. Boustany, II
    Alfred F. Boustany, II
    Bar Number: 03329
    421 West Vermilion Street
    Post Office Box 4626
    Lafayette, Louisiana 70502
    (337) 261-0225
    Afb2@Boustanylawfirm.com
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Lafayette, Louisiana this 18th day of October 2023.

s/Alfred F. Boustany, II
**Alfred F. Boustany, II**