UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 6:23-cr-00205-05 |
| | * | |
| VERSUS | * | JUDGE SUMMERHAYS |
| | * | |
| DREKEYLONE PETERS | * | MAGISTRATE JUDGE WHITEHURST |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO THE MEMORANDUM ORDER (REC. DOC. 112) AND MOTION TO CLARIFY RULING, AND ALTERNATIVE REQUEST FOR RELIEF**

NOW INTO COURT, comes the UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, who, respectfully files this response in opposition to the Defendant's Objection to the Memorandum Order regarding the Court's ruling on the Defendant's Rule 12(b)(4)(B) motion for notice of government's intent to use evidence discoverable under Rule 16 [Doc. 114]. For the reasons stated below, the Defendant's objection and motion should be denied.

I.   PROCEDURAL AND FACTUAL BACKGROUND

On August 23, 2023, a sixteen count Indictment was returned by the federal grand jury sitting in Shreveport, Louisiana, charging seven defendants, including PETERS, with multiple counts of conspiracy to distribute and possess with intent to distribute controlled substances; distribution of controlled substances; possession with the intent to distribute controlled substances; possession of a firearm in furtherance of a drug trafficking crime; and maintaining a drug involved premises,

1

all in violation of title 21 U.S.C. sections 841(a)(1), 846, and 856(a)(1); and title 18 U.S.C. section 924(c). [Doc. 1]. On September 27, 2023, the last defendant made his Initial Appearance before this Court.[1]

On September 28, 2023, PETERS filed a motion seeking, pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), notice of the government's intent to use any evidence discoverable under Rule 16 of the Federal Rules of Criminal Procedure. Consistent with the purpose of Rule 12, PETERS indicated he made the motion to have "an opportunity to move to suppress evidence" in advance of trial. [Doc. 91]. On October 10, 2023, the government filed an opposition to PETERS' motion, arguing that PETERS request was beyond the scope of what was contemplated in Rule 12, the government was in compliance with the Court's Scheduling Order, and PETERS had not yet received discovery at the time of the filing of his motion. [Doc. 107]. On October 17, 2023, Magistrate Judge Carol Whitehurst agreed with the government and denied PETERS' motion. [Doc. 112]. On October 18, 2023, PETERS filed the aforementioned objection to the ruling, asking this Court to reconsider the original request and offers an alternative "moderate approach." [Doc. 114]. Citing Fed. R. Crim. P. 12(b)(4)(B), PETERS seeks an order requiring the government to provide "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Because PETERS misinterprets Rules 12 and 16, and has failed to trigger the notice requirements of Rule 12(b)(4)(B), his motion should be denied.

---

[1] As of this filing, initial discovery has been provided in this case.

## II. LAW AND ARGUEMENT

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure states that "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Rule 12(b)(4)(B) does require the government to "respond to a defendant's request for notice whether the government intends to offer *specific evidence* that the request identifies." *United States v. Ishak,* 277 F.R.D. 156, 159 (E.D.VA. 2011)(emphasis added). However, "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity." *Id.* Although "Rule 12 requires that the government disclose certain evidence to a defendant … the task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to that defendant." *Id.* Of course, to avoid the filing of a motion to suppress evidence the government does not intend to use, if the defendant flags potentially suppressible evidence, the rule requires the government to disclose whether it intends to offer the "specified evidence" during its case-in-chief. *Id.*; *see also United States v. Smith,* 277 Fed. Appx. 187, 191 (3d Cir. 2008). But the onus is on the defendant to identify such evidence and make the specific request of the government. Unless and until the defendant satisfies this initial requirement, there is no basis for the Court to order the government to provide notice under Rule 12(b)(4)(B).

The relief sought by the Defendant, seeking the Court to order the government to identify all the evidence it intends to offer in its case-in-chief at trial, is also not proper under Fed. R. Crim. P. 16. In Rule 16, it describes the materials that both the government and a defendant must disclose after a criminal case is commenced. Rule 16(a)–(b). When a party fails to comply with its disclosure obligations, "the court may," *inter alia*, "order that party to permit the discovery" requested. Rule 16(d)(2). Even then, the district court is not required to do so, and is afforded "wide discretion" in determining whether to take action under Rule 16(d). *United States v. Gray-Burriss*, 791 F.3d 50, 55 (D.C. Cir. 2015). Rule 16 clearly contains no requirement consistent with the relief sought by PETERS. In any event, pursuant to the Court's Scheduling Order, PETERS will be provided a list of exhibits that the government intends to offer at trial.

Additionally, the PETERS' suggested "moderate approach" is not necessary in the present case. In his motion, PETERS argues that a "moderate and proper application of Rules 12 and 16 will streamline the suppression process and will help guarantee a fair trial." [Doc. 114]. PETERS relies on a ruling and language in *United States v. Warnagiris,* (Criminal 21-00382) (PLF) (D.D.C. Sept. 21, 2023)*;* however, PETERS misinterprets and misapplies *Warnagiris*. In *Warnagiris*, the defendant was charged with multiple felonies related to the events at the U.S. Capitol on January 6, 2021. *Id.* In advance of a bench trial set for November 8, 2023, the defendant filed a motion for the government to identify the evidence it intended to use at trial pursuant to Rule 12(4)(B) in advance of October 7, 2023, the date in which the parties

4

were to exchange trial exhibit lists. *Id.* The district court, recognizing that the discovery contained an enormous volume of material including 30,634 videos and 7,681,038 digital images, ordered that the government identify with specificity the items of evidence it intended to use in its case-in-chief by September 29, 2023. *Id.* In doing so, the district court relied on *United States v. Anderson,* 416 F. Supp. 2d 110, 112 (D.D.C. 2006), a complex tax case that involved hundreds of boxes of physical files and "hundreds of thousands of pages of documents of potential relevance." *Id.*

The concerns of fairness raised due to the volume of discovery by those D.C. courts are not present here. The government in the present case has far exceeded its obligations under Rule 16, as the United States has put defendants on notice of all of the evidence that may be introduced at trial. The government has provided information and materials to the defense in organized and accessible formats, which has included an index with the discovery production. The index outlines the contents of the electronic discovery and is easily searchable. The United States has provided, and will continue to provide, all discoverable materials within the United States' possession. Moreover, the United States will give proper notice as in accordance with the Court's scheduling order whether it intends to use any relevant evidence under 404(b) during its case-in-chief.

Regardless of the approach taken, many courts have routinely held that Rule 12(b)(4)(B) *does not* require the government to disclose a list of all of the evidence that it plans to use in its case-in-chief. *United States v. Lujan,* 530 F. Supp. 2d 1224, 1245-46 (D.N.M. 2008) ("interpreting Rule 12(b)(4)(B) as requiring the government to file

an exhibit list expands the rule too far."); *United States v. Bunch,* 2009 WL 4784637, at 2 (E.D. Tenn. Dec. 8, 2009) ("Rule 12 does not required the government to disclose a list of all the evidence that it plans to use in its case-in-chief"); *United States v. El-Silimy,* 228 F.R.D. 52, 57 (D. Me. 2005) ("[Rule 12(b)(4)(B)] is not intended to all ow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial").

### III. CONCLUSION

Defendant's reliance on Rules 12(b)(4)(B) and 16 are misplaced. The Defendant expands the scope of the rules, and his notice requests lacks the required specificity to trigger a response. As such his motion should be denied.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

By:  /s/ Daniel J. Vermaelen
DANIEL J. VERMAELEN (La. Bar 36715)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
(337) 262-6618